# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 779 | **DATE** | 12/17/2004 |
| **CASE TITLE** | DONNA TRAINOR vs. SBC SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: This Court grants in part and denies in part SBC's Motion to Dismiss [doc. no. 7-1]. The Court grants the motion as to Count III (breach of contract) and Count IV (fraud). The Court denies the motion as to Count I (Title VII) and Count II (Equal Pay Act). Trainor is granted leave to file a Second Amended Complaint within seven days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 20 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONNA TRAINOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| SBC SERVICES, INC., | ) | 04 C 779 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Donna Trainor has sued SBC Services, Inc. ("SBC") for violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. § 206 *et seq.*, as well as for breach of contract and fraud. Before the Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the motion is granted in part and denied in part.

## FACTS

On September 17, 1996, Trainor, an African-American female, began working for Ameritech as a general accountant in the Corporate Finance Group. (Am. Compl. ¶ 13.)[1] Subsequently, in February 1998, she was voluntarily transferred to the position of Payroll Tax Manager in the Ameritech Payroll Center. (*Id.* ¶ 14.) On May 10, 1998, Ameritech promulgated

---

[1] Plaintiff amended her complaint on April 5, 2004. Plaintiff's Notice of Filing refers to the document as "Plaintiffs First Amended Complaint of Discrimination," and the docket reveals that this document indeed represents the first amendment to the Complaint originally filed January 30, 2004. However, the document itself bears the self-styled and inaccurate title, "Plaintiff's Second Amended Complaint of Discrimination," and both parties use this title throughout their briefs. Nonetheless, this Court shall refer to the document more accurately as the Amended Complaint.

17

the Ameritech Management Employees Severance Pay Plan (the "Severance Plan"). (*Id.* ¶ 18.) Under the Severance Plan, an employee received severance benefits if her employment "is terminated during the 24-consecutive-month period immediately following a Change in Control." (*Id.*, Ex., Severance Plan § 3.2.)

In October 1999, Ameritech merged with SBC. (Am. Compl. ¶ 22.) Maria Rog ("Rog"), Trainor's supervisor, advised Trainor that her position was slated for termination because the Payroll Center would close upon conversion of the payroll systems, scheduled for January 1, 2001. (*Id.* ¶ 24.) Twenty-three of the twenty-six management employees in the Payroll Center were African Americans. (*Id.* ¶ 15.) Bill Schaller, the only white male employee of the Payroll Center, "was offered a commensurate lateral position of equal pay." (*Id.* ¶ 25.) On several occasions, Rog led discussions with Trainor and others about the timing of the payroll system conversion, the Severance Plan, and calculations of severance benefits pursuant to the plan. (*Id.* ¶¶ 28-29, 32.)

The payroll systems conversion fell behind schedule, and was ultimately completed on January 1, 2003. (*Id.* ¶ 35.) Rog advised Trainor of the possibility that she could receive benefits under the Severance Plan, at the discretion of top-level management, notwithstanding that the termination exceeded the twenty-four month period outlined in the Severance Plan. (*Id.* ¶ 36.) Conversion of job responsibilities and the termination of employees in the Corporate Tax Group proceeded according to schedule, and within the twenty-four month window contemplated by the Severance Plan. (*Id.* ¶ 40.)

SBC terminated Trainor's position on July 11, 2003 and offered her less than $15,000.00 in severance pay. (*Id.* ¶¶ 42, 44.) Had the termination occurred within the twenty-four month window or had top-level management determined to "grandfather" her into the plan, SBC would

2

have paid Trainor more than $104,400.00 in severance pay. (*Id.* ¶ 43.) Plaintiff attributes the delay in the payroll system conversion, the failure of top-level management to decide or communicate a decision as to whether Trainor was entitled to severance pay notwithstanding the delay in her termination, as well as management's decision not to "grandfather" her into the plan to racial and gender animus. (*Id.* ¶¶ 34, 37, 39, 44, 51.) Additionally, Trainor claims she relied to her detriment on the representations made by Rog of the conversion schedule and of her qualification under the Severance Plan. (*Id.* ¶¶ 30-32, 43, 48.)

On its motion to dismiss, SBC asserts that: (1) the complaint fails to sufficiently allege the elements for a *prima facie* case under Title VII; (2) the EPA claim insufficiently alleges the required elements; (3) the Employee Retirement Income Security Act ("ERISA") preempts the breach of contract and fraud claims; (4) the breach of contract claim fails because plaintiff failed to perform under the contract; (5) the fraud claim is not actionable because it is premised on misrepresentations about future events; and (6) the Amended Complaint fails to sufficiently allege the elements of a fraud claim.

## DISCUSSION

In a motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff. *Stochon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000); *Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir. 1990). Dismissal should be granted only if it appears beyond a doubt that the plaintiff cannot prove any set of facts to support her claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## A. Sufficiency of Claim Under Title VII

Defendant has moved to dismiss plaintiff's Title VII claim because the complaint fails to state a *prima facie* case as outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, this argument is unavailing. The notice pleading standard of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the statement must sufficiently place the defendant on notice of the nature of the claim pending against it. *Scott v. City of Chic.*, 195 F.3d 950, 952 (7th Cir. 1999) ("[A] pleading need contain only enough to allow the defendant[s] to understand the gravamen of the plaintiff's complaint.") (internal quotation and citation omitted).

A *prima facie* case under the *McDonnell Douglas* framework serves as a flexible evidentiary standard, rather than as a heightened pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). Moreover, a plaintiff need not plead the *prima facie* elements of employment discrimination in order to state a claim upon which relief may be granted. *Id.* at 508. According to the Seventh Circuit, a complaint stating only, "I was turned down for a job because of my race" sufficiently states a claim and, therefore, would survive a motion to dismiss. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). For example, in *Scott v. City of Chicago*, the Seventh Circuit reversed the dismissal of a Title VII claim even though the complaint did not specify an adverse employment action with particularity, holding instead that a "general allegation of lessened responsibilities [was] sufficient to provide notice." 195 F.3d at 952.

Here, the Amended Complaint alleges that SBC "paid Donna Trainor and other African American female management employees less severance pay because they were African

4

Americans and female." (Am. Compl. ¶ 59.) Admittedly, plaintiff's theory is somewhat unusual. She essentially claims that SBC delayed her termination until after the twenty-four month time frame provided for in the facially neutral Severance Plan because she is African American and female. These statements sufficiently apprise SBC of the pending claim. As the U.S. Supreme Court has noted, a Title VII claim need not arise from a denial of employment itself, but instead, may relate to a "term, condition, or privilege of... employment." *Hishon v. King & Spalding*, 467 U.S. 69, 77 (1984). An employer may not administer benefits that are "part and parcel of the employment relationship" in a discriminatory manner. *Id.* at 75.

The Supreme Court in *Arizona Governing Committee for Tax Deferred Annuity & Deferred Compensation Plans v. Norris*, 463 U.S. 1073, 1074 (1983), held that the practice of creating a retirement benefits scheme that pays a woman lower monthly benefits than a man who has made the same contributions constitutes discrimination on the basis of sex in violation of Title VII. Similarly, the purported disparity in severance benefit payments alleged in the instant case sufficiently states a cause of action under Title VII. Accordingly, SBC's motion to dismiss with regard to Count I is denied.

## B. Sufficiency of Equal Pay Act Claim

SBC seeks dismissal of plaintiff's Equal Pay Act claim for failing to allege the required elements. The Equal Pay Act provides, in pertinent part, that "[n]o employer... shall discriminate... between employees on the basis of sex by paying wages to employees... at a rate less than the rate at which he pays wages to employees of the opposite sex." 29 U.S.C. § 206(d)(1). In order to establish a *prima facie* case under the Equal Pay Act, a plaintiff must

5

show that: "(1) different wages are paid to employees of the opposite sex; (2) the employees do equal work which requires equal skill, effort, and responsibility; and (3) the employees have similar working conditions." *Fallon v. Ill.*, 882 F.2d 1206, 1208 (7th Cir. 1989).

In the case at bar, the plaintiff claims that she received lower wages, in the form of severance benefits, than males who performed similar functions for the Tax Group. (Am. Compl. ¶¶ 40, 51-52, 54-55.) In essence, SBC argues: (1) the differential in pay related to the difference in the timing of their termination, not to gender differences; and (2) the plaintiff did not show that the higher-paid males were similarly situated. Neither argument is persuasive.

SBC's first argument raises a statutory affirmative defense by attempting to justify the pay differential on the basis of a factor other than gender. The EPA excepts pay disparities due to "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex" from the statutory prohibition. 29 U.S.C. § 206(d)(1). In the context of a motion to dismiss, however, SBC's alternative theory or affirmative defense does not demonstrate an insufficiency in plaintiff's pleading. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses."). Instead, the determination of this issue depends on a more developed evidentiary record.

SBC also claims that the complaint fails to show that the male employees were similarly situated. Like SBC's first argument, SBC relies on the difference between the termination dates of the employees to demonstrate that the employees were not similarly situated. However, the complaint clearly alleges the similarity between the Corporate Tax Department and the Payroll Tax Group. (Am. Compl. ¶¶ 52, 54.) Furthermore, SBC's argument begs the question because

6

plaintiff's theory of the case advances racial and gender animus to explain the speedier termination of plaintiff's white, male counterparts. At the motion to dismiss stage, the Court declines to weigh the evidence or to evaluate the merits of the claim, finding it sufficient to note that the complaint indeed alleges the elements of an EPA claim. The motion to dismiss with respect to Count II is denied.

### C. Preemption of State Law Claims under ERISA

SBC has moved to dismiss plaintiff's breach of contract and fraud claims on the basis of ERISA preemption. By its terms, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). By providing for broad preemption, Congress intended to create uniformity in the benefits law and to minimize administrative and financial burdens to plan administrators by eliminating conflicting directives. *Trs. of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 774 (7th Cir. 2002). The Seventh Circuit construes severance plans as employee benefit plans within the meaning of ERISA. *Sly v. P.R. Mallory & Co.*, 712 F.2d 1209, 1213 (7th Cir. 1983). In general, "ERISA preempts all state law claims for severance benefits." *Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 743 (7th Cir. 1991). If a "state law claim cannot be resolved without an interpretation of the contract governed by federal law," then the claim is preempted. *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995).

### 1. Breach of Contract

Plaintiff's breach of contract claim appears to rest on two premises, the language of the Severance Plan, (Am. Compl. ¶ 78), and the oral representations by SBC officials that plaintiff's

7

termination would occur within the Severance Plan time frame, (*id.* ¶ 80). Clearly, insofar as the breach of contract claim relies on the language of the Severance Plan itself, it cannot be resolved without reference to the Severance Plan, and therefore the claim is preempted by ERISA.

As to the oral representations made by SBC, the crux of the claim is the wrongful denial of severance benefits owed pursuant to the Severance Plan. The Seventh Circuit has determined that ERISA preempts oral modifications to covered plans. *Lister v. Stark*, 890 F.2d 941, 945 (7th Cir. 1989). The purported oral contract relates specifically to the qualifying provisions of the Severance Plan, determining whether an employee will fall within its purview. This oral contract therefore clearly cannot be resolved without reference to and interpretation of the Severance Plan.

In addition to requiring an evaluation of eligibility, the contract claim would require an interpretation of the Severance Plan to determine the appropriate remedy. Moreover, the plaintiff seeks specific performance as a remedy, further implicating the Severance Plan. The common law breach of contract claim seeks another, separate enforcement mechanism to the administration of the Severance Plan, in contravention of ERISA. *See N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658, (1995). Thus, "plaintiffs seeking severance benefits must proceed under ERISA or not proceed at all." *Jackson v. E.J. Brach Corp.*, No. 94 C 6350, 1995 WL 319760, at *6 (N.D. Ill. May 26, 1995). Because Trainor's breach of contract claim is preempted, this Court grants SBC's motion to dismiss Count III.

2. Fraud

In Count IV, Trainor alleges fraud, based on the same oral representations that

8

constituted the basis of her breach of contract claim addressed above. Just as ERISA preempts the breach of oral contract claim, it also preempts the fraud claim. As a general rule, state law fraud claims are preempted by ERISA. *Reilly v. Blue Cross & Blue Shield United,* 846 F.2d 416, 426 (7th Cir. 1988).

For example, one court has determined that ERISA preempted a plaintiff's common law fraud claim because the claim sought benefits owing under the ERISA plan in question. *Dwyer v. Unum Life Ins. Co. of Am.,* No. 03 C 1118, 2003 WL 22844234, at *5-6 (N.D. Ill. Dec. 1, 2003). Notably, the *Dwyer* court recognized that the claim relied on the existence of the policy and that resolution of the claim would require a review of the policy. *Id.*

Here, plaintiff's purported injury stems from her failure to qualify for the Severance Plan, and the damages claimed require an interpretation of the appropriate calculations under the Severance Plan. Therefore, as with the breach of oral contract claim, the fraud claim cannot be resolved without reference to the Severance Plan. Accordingly, Trainor's fraud claim is preempted by ERISA, and the Court grants SBC's motion to dismiss Count IV. Because ERISA preempts the breach of contract and fraud counts, this Court need not determine whether plaintiff sufficiently alleged the elements of those claims.

## CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part SBC's Motion to Dismiss [doc. no. 7-1]. The Court grants the motion as to Count III (breach of contract) and Count IV (fraud). The Court denies the motion as to Count I (Title VII) and Count II (Equal Pay Act). Trainor is granted leave to file a Second Amended Complaint within seven days.

SO ORDERED          ENTERED:     12/17/04

HON. RONALD A. GUZMAN
United States Judge